UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| QUADRAMEL TRELLION WILLIAMS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV420-097 |
| JOHN T. WILCHER., | ) ) ) | |
| Respondent. | ) | |

# ORDER

Quadramel Trellion Williams has submitted a document captioned "Writ of Habeas Corpus § 2255." *See* doc. 1 at 1. Despite invoking 28 U.S.C. § 2255, the substance of the pleading makes clear that petitioner is held pursuant to state, not federal charges. *See id.* at 2–3. It is also clear that he is not being held pursuant to a "sentence" of a state court but is a pre-trial detainee. *Id.* at 4. Finally, the petition complains about the conditions of Williams' confinement; specifically, that he has been exposed to another prisoner infected with coronavirus. *Id.* at 4. None of those claims is properly asserted under § 2255.

Motions under § 2255 provide relief for prisoners "in custody under sentence of a court established by an Act of Congress," *i.e.* a federal court.

Habeas corpus relief for a pre-trial detainee is only available under 28 U.S.C. § 2241. *See, e.g., Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention . . . might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."). Challenges to the conditions of Williams' confinement might proceed under 42 U.S.C. § 1983. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 524, n. 24 (1973) (Brennan, J. dissenting) ("[I]f a prisoner seeks to challenge only the conditions of his confinement . . . his filing should be considered a complaint under § 1983 even if the prisoner terms it a petition for habeas corpus."); *Sparks v. Chatham Cnty. Sheriff Dept. Al St. Lawrence*, 2010 WL 2710660, at * 1 (S.D. Ga. June 10, 2010) ("Claims challenging conditions of confinement are generally brought pursuant to 42 U.S.C. § 1983, not through habeas corpus." (citation omitted)).

   Even though the substance of Williams' pleadings strongly suggests the legal frameworks applicable to his claims, the Court cannot simply reconstrue it. Unlike motions under § 2255, both petitions under § 2241

and complaints under § 1983 require filing fees. *See* 28 U.S.C. § 1914(a) (establishing a filing fee of $350 to institute a civil action[1] and a $5 filing fee for an application for a writ of habeas corpus). The Court may authorize the commencement of suits without payment of those fees upon a showing that "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Williams has not sought authorization or made the necessary showing. Before the Court can take action on Williams' pleading, therefore, he must address these issues.

Accordingly, Williams is **DIRECTED** to amend his pleading. To facilitate his amendment, the Clerk is **DIRECTED** to provide him with copies of the standard forms for complaints pursuant to § 1983 (Pro Se 14) and petitions for writs of habeas corpus pursuant to § 2241 (AO 242). Use of these forms is not mandatory, but they may help Williams clarify the nature of his claims. Upon amendment, Williams must also remit the appropriate filing fee or request leave to proceed *in forma pauperis*. To that end, the Clerk is further **DIRECTED** to provide Williams with a copy

---

[1] An additional $50 administrative fee is required to file a civil action, but not an application for a writ of habeas corpus. *See* District Court Miscellaneous Fee Schedule, *available at* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last accessed May 5, 2020).

of the application to proceed *in forma pauperis* (AO 240).  Williams is **DIRECTED** to complete and return the appropriate forms within thirty days.  **Failure to comply with this Order and return the forms may result in a recommendation of dismissal for failing to obey a court order or on abandonment grounds**.  *See* Fed. R. Civ. P. 41.

    **SO ORDERED,** this <u>5th</u> day of May, 2020.

                                                                            _____
                                                                            CHRISTOPHER L. RAY
                                                                            UNITED STATES MAGISTRATE JUDGE
                                                                            SOUTHERN DISTRICT OF GEORGIA