# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| QUADRAMEL TRELLION WILLIAMS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV420-097 |
| UNITED STATES OF AMERICA, and JOHN T. WILCHER, | ) ) ) | |
| Respondent. | ) ) | |

## <u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner Quadramel Trellion Williams has filed the instant petition. *See generally* doc. 1. The Court noted that, although the caption invoked 28 U.S.C. § 2255, Williams alleged he was held pursuant to state charges, not a federal judgment. *See* doc. 2 at 1. The Court also noted that habeas petitions, other than § 2255 motions, required a filing fee and Williams had neither paid a fee nor moved to proceed *in forma pauperis.* *Id.* at 2. The Court, therefore, directed him to file an amended petition clarifying the basis for relief and, if appropriate, a motion to proceed *in forma pauperis.* *Id.* at 3-4. He complied. Docs. 3 & 4. He has now submitted a petition pursuant to 28 U.S.C. § 2241. Doc. 3. He has also

1

moved to proceed *in forma pauperis*.  Doc. 4.  Since he states that he has sufficient funds to pay the $5.00 filing fee, his Motion should be **DENIED**.  Doc. 4.  Since it is clear, as discussed below, that his Petition is unexhausted, the Court need not afford him the opportunity to pay the filing fee.[1]  *See* S.D. Ga. L. Civ. R. 4.2(2).

Williams asserts two grounds in his Amended Petition.  Both grounds allege that his "detention / arrest is illegal in nature."  Doc. 3 at 6.  Specifically, in ground one he alleges that scheduled hearings are canceled.  *Id.*  The second ground alleges that his arrest on a bench warrant was based on his being mistaken for his sister.  *Id.*  In an attachment, he suggests that his detention is, perhaps, the result of a probation hold which resulted from the mistaken arrest.  *See id.* at 9.  Finally, he suggests that the warrant upon which he was arrested was based on perjured testimony.  *Id.* at 10.  He also refers to an indictment, but other than suggesting that it is "void and it has no information seal,"

---

[1]  Payment of the filing fee is not jurisdictional.  *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020).  The Court has, therefore, screened the Petition.  *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."); *see also*, Rule 1(b), Rules Governing Section 2254 Cases (The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241.).

he does not discuss it. *See id.* at 2. The Petition is absolutely clear that he has not presented his complaints to *any* state court. *See id.* at 2-6.

Although the substantive allegations in his Petition are less than clear, the Petition's explicit allegation that none of its claims has been presented in a state forum is a fatal defect. As a pretrial detainee, a § 2241 petition is the proper means for Williams to seek release from custody. *See, e.g., Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) ("[A] pre-trial detainee . . . is not in custody pursuant to any state court judgment, and his habeas petition should . . . [be] treated as a § 2241 petition."). The Eleventh Circuit has recently explained, however, that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or on collateral review." *Id.* at 1096 (internal quotation marks and citations omitted). Under Georgia law, "[a]ny person restrained of his liberty under any pretext whatsoever,

except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Williams must exhaust all available remedies provided under state law before he can seek relief in this Court. *Cf. Daker v. Sapp*, 2019 WL 3713713, at *6 (S.D. Ga. Aug. 6, 2019) ("Federal habeas corpus should not be used as a pretrial motion forum for state prisoners." (internal quotation marks and citation omitted)).

This Court should also abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971). *See Johnson*, 32 F.4th at 1099 (explaining that an unexhausted § 2241 petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . ."). The Eleventh Circuit has recently denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that " 'when a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before

4

the federal courts can grant such relief.' " *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *Lewis,* 2021 WL 5217718, at * 1 (citing *Younger*, 401 U.S. at 45, 53-54). The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Id.* (citing *Younger*, 401 U.S. at 49).

Williams' request to proceed *in forma pauperis* should be **DENIED**. Doc. 2. Although Williams' might be afforded an opportunity to pay the filing fee, any such opportunity would be futile. It is clear from the face of Williams' Amended Petition that his claims are unexhausted and barred by *Younger* abstention. Accordingly, the petition should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to

the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see*

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 23rd day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA